**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY W. McCOSAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-299-GKF-TLW |
| | ) |
| JANE STANDIFIRD, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

*BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2007-6518, Petitioner Anthony W. McCosar was convicted of Assault and Battery With a Dangerous Weapon, After Former Conviction of Two or More Felonies (Count I), Threatening an Act of Violence (Count II), Public Intoxication (Count III), and Assault With a Dangerous Weapon, After Former Conviction of Two or More Felonies (Count IV). On May 5, 2008, he was sentenced in accordance with the jury's recommendation to twenty-five (25) years imprisonment and a $10,000 fine on Count I, six (6) months in the county jail on Count II, 30 days in the county jail on Count III, and twenty (20) years imprisonment and a $10,000 fine on Count IV. The sentences for Counts

I and IV were ordered to be served consecutively with each other and concurrently with the sentences imposed for Counts II and III.  See Dkt. # 6, Ex. 2.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed June 17, 2009, in Case No. F-2008-432, the OCCA affirmed the Judgments, affirmed the sentences for Counts II and III, and modified the sentences for Counts I and IV by vacating the $10,000 fines. See Dkt. # 6, Ex. 1. On July 7, 2009, Petitioner tendered for filing a *pro se* petition for rehearing. See www.oscn.net. That petition was rejected for filing on July 21, 2009. Id. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On September 1, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 6, Ex. 2. By order filed November 4, 2010, the state district court denied post-conviction relief. Id. Petitioner filed a post-conviction appeal at the OCCA. On March 29, 2011, in Case No. PC-2010-1135, the OCCA affirmed the state district court's denial of post-conviction relief. See Dkt. # 6, Ex. 3.

On May 13, 2011, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Although Petitioner provides a certificate of mailing stating that he placed the petition "in the U.S. mail here at D.C.C.C," id. at 10, he does not provide a date for mailing. However, he executed the petition, under penalty of perjury, on May 10, 2011. Id.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on September 15, 2009, after the OCCA concluded direct review on June 17, 2009, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.[1] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on September 16, 2009. See Harris v. Dinwiddie, 642

---

[1] Petitioner's effort to file a *pro se* petition for rehearing does not impact the determination of the date his conviction became final. The *pro se* petition was rejected for filing by the OCCA. Because the *pro se* petition was not accepted for filing, it did not extend the time for filing a petition for writ of *certiorari*. See Rule 13(3), Rules of the Supreme Court of the United States.

F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after September 16, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on September 1, 2010, or with only fifteen (15) days remaining in his one-year limitations period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state courts from September 1, 2010, to March 29, 2011. Once the OCCA entered its order affirming the denial of post-conviction relief, Petitioner had to file his habeas petition within the fifteen (15) days remaining in his limitations period, or on or before April 13, 2011. Petitioner did not file his habeas corpus petition until May 13, 2011, or approximately one (1) month beyond the deadline. Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his petition filed May 13, 2011, is untimely.

In response to the motion to dismiss (Dkt. # 7), Petitioner states that he did not receive notice of the OCCA's ruling on his post-conviction appeal. He provides his "sworn affidavit" (Dkt. # 7, Ex. A) stating only that "I did not receive the Court Criminal Appeals denial of my post conviction appeal in the mail. I only found out about it when I had some one look it up on www.oscn.net and found out that a ruling had been made." Significantly, he does not state when he learned of the OCCA's ruling. Nor does he provide any other documents, such as the prison mail log, supporting his allegation.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The Tenth Circuit Court of Appeals has recognized that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner acted diligently in the matter. Woodward v. Williams, 263 F.3d 1135, 1142–43 (10th Cir. 2001) (citing Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam)). See also Jenkins v. Johnson, 330 F.3d 1146, 1155 (9th Cir. 2003) (remanding for a determination of whether equitable tolling should be applied where state court's clerk's office mistakenly failed to send notice to counsel, the delayed notice involved only four months, and state remedies were pursued "as expeditiously as practically possible"), *overruled on other grounds by* Pace v. DiGuglielmo, 544 U.S. 408 (2005); Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002) (*pro se* petitioner was entitled to equitable tolling where delayed notice amounted to six months and court found that petitioner "acted diligently to protect his rights both before and after receiving notice," by filing a motion with

5

the state court when no order appeared to be forthcoming); Drew v. Dep't. of Corr., 297 F.3d. 1278, 1288 (11th Cir. 2002) (holding that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order").

In this case, Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808.  Petitioner's unsupported, self-serving claim that he did not receive prompt notice of the OCCA's denial of his post-conviction appeal is insufficient to entitle Petitioner to equitable tolling of the limitations period. Significantly, he fails to provide the actual date when he learned that a post-conviction ruling had been entered. As a result, the Court cannot assess whether Petitioner proceeded with diligence once he learned that the OCCA had affirmed the denial of his application for post-conviction relief. See Pace, 544 U.S. at 418 (placing the burden of establishing entitlement to equitable tolling on the litigant seeking equitable tolling). See also Jones v. Morton, 195 F.3d 153, 159 (3d Cir 1999) (rejecting equitable tolling due to petitioner's lack of due diligence); Thome v. Roberts, 2005 WL 2133710, *3 (D. Kan. Sept. 1, 2005) (unpublished)[2] (declining to hold that petitioner had shown with sufficient particularity the extraordinary circumstances required to toll the limitation period where petitioner alleged he had not received prompt notice of a ruling by the state district court).  Furthermore, Petitioner offers no explanation for waiting until the limitations period had almost expired before seeking post-conviction relief. The Court cannot find that Petitioner acted diligently in pursuing post-conviction relief. Therefore, Petitioner is not entitled to equitable tolling.

---

[2]Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

*CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that

the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
3. A certificate of appealability is **denied**.
4. A separate Judgment shall be entered in this matter.

DATED THIS 1st day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma